## JACKSON *vs.* MORRIS and CASE.

A resolution passed at a town meeting declaring swine "not to be commoners," does not authorize any one to impound them, when found running at large.

A village ordinance authorizing the street inspector to drive to the village pound all hogs found running at large in the streets, and to hire, at the expense of the village, as much assistance as he shall deem necessary, does not authorize any person, except the inspector and his assistants acting under his immediate directions, to drive such animals to pound, though the inspector had given public notice that any person who should so drive them to pound would be paid therefor.

ERROR to the Dutchess common pleas. Jackson sued Morris and Case before a justice of the peace in trover for three hogs. The defendants pleaded the general issue, and gave notice of special matter. The cause was tried by jury and the defendants had a verdict and judgment, which was affirmed by the common pleas on *certiorari.*

On the trial before the justice the plaintiff proved that he owned the hogs, and that they were confined in the pound in Poughkeepsie in the charge of Morris, who was pound master of the village, and of Case his deputy, from the 17th to the 28th of May, 1842, and that on the latter day they were sold by the defendants for non-payment of the fine, fees, &c. The plaintiff demanded the same while they were in the pound, but Case, who then had charge, refused to give them up except on payment of the fine, &c.

The town clerk of the town of Poughkeepsie proved that at the town meeting in April, 1842, Morris was appointed pound master of the *town,* and that it was there resolved that swine should "not be commoners."

The following ordinances, among others, were proved to have been passed by the trustees of the *village* of Poughkeepsie, on the 10th of May, 1842:

" Be it ordained by the trustees of the village of Poughkeepsie, that no swine shall hereafter be permitted to run, lie or be at large in any street in this village."

" And be it further ordained, that the owner or owners of any

Jackson v. Morris.

swine shall forfeit for the use of the village, for every time any such animal shall run, lie or be at large in any street in this village, the sum of twenty-five cents; provided that no forfeiture shall be incurred twice on the same animal in the same day."

"And be it further ordained, that it shall be the duty of the street inspector to prosecute, under the directions of the trustees, for all violations of this law, and to drive or carry all such animals so found at large to the village pound hereinafter provided, and to deliver them to the pound master; and to hire as much assistance, at the expense of the village, as he shall deem necessary to drive or carry such animals to the said pound."

The other ordinances passed at the same time established a public pound for the village, and directed the pound master to receive all animals so brought there, and provided for the sale of animals impounded, for payment of the fine, fees and expenses. Morris was at the same time appointed village pound master.

The street inspector testified that he did not drive the swine to pound, or employ any one to do it. He had, however, given general notice of the existence of the pound, and that whoever would drive to it hogs which were found running at large would get pay for so doing, and he had often told boys and men to drive hogs found in the street to the pound.

The defendant Morris, as pound master, had posted a public notice to the same effect with that given by the street inspector. The hogs in question were found in the street by some boys who drove them to the pound, where they were received by the defendants and finally sold as above mentioned.

*C. W. Swift*, for the plaintiff in error.

*J. Thompson*, for the defendants in error.

*By the Court*, BEARDSLEY, J. If the town regulation "that swine should not be commoners," has any sensible meaning, it has none which would justify the seizure and impounding of

Jackson *v.* Morris.

these hogs.  But it is, in effect, abandoned by the counsel for
the defendant in error, in the argument submitted on his behalf,
and may be thrown out of view.

Beyond this, the case may be disposed of in a short way, for
if we concede that the village ordinances were duly passed and
promulgated, and were such as its charter authorized, still they
afford no justification for what was done in this instance.
These swine were driven to the pound by two boys; were re-
ceived from them and impounded, and subsequently disposed
of by a public sale.

These boys were not acting with or for the street inspector,
and were, in no sense, clothed with the authority which the
regulations of the village assumed to cast upon that officer.
To be sure the inspector had given notice that if hogs found in
the streets, were driven to the pound, those who drove them
would be paid for it, and he had directed the pound keeper to
receive all hogs which might be driven to the pound.

I shall not undertake to say what powers the inspector may
have had, but I say, unhesitatingly, he had no authority to exe-
cute this ordinance in any such manner.  If he could in person
and with the aid of others acting for him and under his imme-
diate order and direction, lawfully seize and impound swine
found in the street, he was not authorized to delegate that power
to all the men and boys in the town or the village.  It would be
most unreasonable to give such a construction to the language
of the regulation, and it must be rejected.  By the words of the
ordinance it is declared to " be the duty of the street inspector
to prosecute under direction of the trustees, for all violations of
this law, and to drive or carry all such animals so found at
large to the village pound hereafter provided, and deliver them
to the pound master, and to hire as much assistance, at the ex-
pense of the village, as he shall deem necessary to drive or car-
ry such animals to the pound."  And it is made " the duty of
the pound master to receive and put into the village pound all
such animals so brought to him."  A penalty is imposed, as
well as a seizure of the offending animals authorized, by the
ordinances, but the summary remedy by distress was only to

be enforced by the street inspector, aided, if need be, by his immediate assistants.    There was no pretence of authority for any one else to seize for a violation of the ordinance.    It may be that the inspector and his assistants could justify under the ordinance, but no one else can.    The remedy is summary and rigorous, and is by no means to be deemed legal as a thing of course.    It is the exercise of a pretty high power in any case, and whoever asserts such an authority must show clearly that it exists.

I think the seizure, impounding and sale of these hogs was without authority, and the judgment should be reversed.

Judgment reversed.